We find that questions of state law may be determinative of the above-captioned claim. Therefore, pursuant to Rule 29.5 of the California Rules of Court, we certify the following question to the California Supreme Court:
Where the state seeks recovery for damage to state-owned groundwater contained within certain property, does the property owner’s comprehensive general liability policy provide coverage if the damage occurred within the policy period, but the insured purchased the property after the policy period (although before the state made its claim)?
Although two California Court of Appeal decisions, FMC Corp. v. Plaisted & Cos., 61 Cal.App.4th 1132, 72 Cal.Rptr.2d 467 (1998), and A.C. Label Co. v. Transamerica Ins. Co., 48 Cal.App.4th 1188, 56 Cal.Rptr.2d 207 (1996), have answered this *1227 question in the negative, we note that these decisions are in potential conflict with the rule established by the California Supreme Court that the language of the policy, unless ambiguous, governs the scope of coverage. See Bay Cities Paving and Grading, Inc. v. Lawyers’ Mutual Ins. Co., 5 Cal.4th 854, 867, 21 Cal.Rptr.2d 691, 855 P.2d 1263 (1993); Bank of the West v. Superior Court, 2 Cal.4th 1254, 1264, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992); AIU Ins. Co. v. Superior Court of Santa Clara County, 51 Cal.3d 807, 821-22, 274 Cal.Rptr. 820, 799 P.2d 1253 (1990). We therefore respectfully request that the California Supreme Court exercise its discretionary authority to answer this question or to provide whatever guidance it finds appropriate.
Our phrasing of the question should not restrict the Court’s consideration of the problems and issues involved. If the Court chooses to answer the question, we will resolve the pending case in accordance with the Court’s answer. If the Court declines to answer the question, we will resolve the issue according to our own understanding of California law.
The clerk of this Court will file with the California Supreme Court all relevant briefs and excerpts of record as well as any other materials requested by the California Supreme Court. All shall be forwarded under the official seal of the Ninth Circuit.
The following statement of facts is offered pursuant to Rule 29.5(b)(3):
Between July 1, 1972 and January 1, 1976, KF Dairies & Affiliates (“KF Dairies”) held two comprehensive general liability insurance policies with Fireman’s Fund Insurance Company (“Fireman’s”) (ER 191-217).[1] The policies provided that Fireman’s would
pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A: bodily injury or Coverage B: property damage to which this insur-anee applies, caused by an occurrence
(ER 194, 213). The policies defined “occurrence” as
an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
(ER 196, 217).
In April of 1976, KF Dairies bought and leased certain property in Tipton, California, and in June of 1985, KF Dairies bought certain properties in Fresno and Willows. Investigations in 1989 and 1990 revealed petroleum hydrocarbon contamination in the soil and groundwater at all three sites (ER 85-86). KF Dairies ascertained that the contamination could have been' caused by a sudden and accidental release of fuel oil during a broad range of time that included the years 1972-1976. (ER 88-89).
In November of 1990, while KF Dairies was involved in bankruptcy proceedings, the California Attorney General’s Office filed proofs of claim in the bankruptcy seeking the costs of abatement and cleanup of the contamination (ER 86-87). KF Dairies, asserting that the property damage for which California sought payment may have occurred between 1972 and 1976, requested indemnification from Fireman’s under the “property damage” provision of its 1972-1976 policies. Fireman’s refused to defend against the proofs of claim (ER 89). KF Dairies sought declaratory relief from the bankruptcy court. On June 28, 1996, the bankruptcy court entered judgment against Fireman’s in the amount of $1,142,783 plus post-judgment interest (ER 110-14).
While Fireman’s’ appeal to the district court was pending, a California Court of Appeal decided A.C. Label Co. v. Transamerica Ins. Co., 48 Cal.App.4th 1188, 56 Cal.Rptr.2d 207 (1996), which addressed an identical situation and found that the in *1228 surer owed no duty to defend against a suit for property damage where the policyholder “had no connection with or nexus to that damage ... during the policy period.” Id. at 1194, 56 Cal.Rptr.2d 207. ■ Based on the holding in AC. Label, the district court reversed the bankruptcy court and found that there was no duty to defend (ER 155— 56).
Following the bankruptcy court’s judgment, KF Dairies and Fireman’s had reached a settlement providing that Fireman’s would pay KF Dairies $1,300,000 if Fireman’s were unable to secure a final reversal of the judgment (ER 143-54). As part of the settlement, the parties stipulated that “the sole issue for resolution on appeal is whether the bankruptcy court erred in determining that FFIC owed KF Dairies a duty to defend.” (ER 150). KF Dairies’s appeal on this issue is now pending before the Ninth Circuit.

. "ER” refers to the appellant’s excerpts of record, filed October 1, 1997.